O’Donnell, J.,
concurring in part and dissenting in part.
{¶ 27} I concur in today’s holding that the Lorain Metropolitan Housing Authority is a political subdivision with sovereign immunity under R.C. Chapter 2744 and that its operation is a “governmental function” pursuant to R.C. 2744.01(C)(2). I respectfully dissent, however, from the majority’s premature conclusion that a public housing unit is a building “used in connection with the performance of a governmental function” for purposes of the exception to immunity provided by R.C. 2744.02(B)(4). In my view, this court should not decide that matter at this time.
{¶ 28} Here, the trial court entered summary judgment in favor of the Lorain Metropolitan Housing Authority and against Danielle Moore, ruling that the provision of low-income housing is a governmental function and that the residential property in this case is not a building “used in connection with the performance of a governmental function” for purposes of the exception to immunity set forth in R.C. 2744.02(B)(4). This statute provides that “political subdivisions are liable for injury, death, or loss to person or property that is caused by negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function.”
{¶ 29} Moore appealed to the Ninth District, which reversed the trial court and held, as a threshold matter, that the operation of a metropolitan housing facility is a proprietary rather than governmental function. Moore v. Lorain Metro. Hous. Auth, Lorain App. No. 06CA008995, 2007-Ohio-5111, 2007 WL 2810014, ¶ 21. Because R.C. 2744.02(B)(4) applies only with respect to governmental functions, the court of appeals never considered Moore’s arguments concerning this exception to immunity.
{¶ 30} Although I concur with the majority’s decision to reverse the court of appeals and to hold that a metropolitan housing authority performs a governmental rather than proprietary function, I am of the view that this case should be remanded to the court of appeals to determine in the first instance whether R.C. 2744.02(B)(4) applies here. Thus, I respectfully dissent from the majority’s resolution of this issue and its order remanding the case to the trial court for further proceedings.